Essex County Orphans Court—In re Ludlow.

ESSEX COUNTY ORPHANS COURT.

In the matter of the estate of JULIA A. LUDLOW, deceased.

[Decided May 18th, 1925.]

Accounting—Exceptions to Account of Administrator With Will Annexed—Accountant, Beneficiary Under Will, Claimed Absolute Gift of Property, and Not Required to Account—Held, That Will Did Not Make Absolute Gift, but Imposed a Trust Upon the Property—A Trustee Should Have Been Appointed as it is No Part of an Administrator With Will Annexed to Assume That Duty, but Having Done So He Will be Required to Account For His Dealings With the Business—Administrator Also Sold Business to Himself in Violation of Settled Law.

On exceptions to accounting.

*Mr. Ernest L. Quackenbush,* proctor for accountant.

*Messrs. Pomerehne, Laible & Kautz,* proctors for exceptant.

KOCHER, ADVISORY MASTER.

Wilbur F. Ludlow, administrator with the will annexed of Julia A. Ludlow, deceased, submitted his account to this court, to which account numerous exceptions were filed.

A preliminary motion was made on behalf of the accountant challenging the jurisdiction of the court over the subject-matter of certain of the exceptions. The matter was submitted on briefs and no testimony taken. Such facts as may hereinafter be used are gleaned from the briefs filed in the cause.

In and by her last will and testament the testatrix gave to her grandson Wilbur (the accountant) "the *use* and the right to conduct and carry on the billiard and pool business carried on by my late husband at No. 77 Springfield avenue, in the city of Newark, New Jersey, together with all billiard and pool tables and appurtenances, all fixtures, all outstanding book accounts, and all cash money deposited in the bank

to the credit of W. Ludlow, and which said account has long stood and still stands in that name." The will further provided that Wilbur F. Ludlow should first receive $25 a week from the profits of the business, and that he should, in addition thereto, give the daughter of testatrix, Nettie Ludlow, $12 each week. This arrangement was to continue until the daughter's death. The will further provides that if Wilbur died before said testatrix's daughter, Nettie, then the business was to be sold and the proceeds used as far as necessary for the support of the daughter, Nettie. If the daughter died before Wilbur, then the entire business, including cash on hand, and so forth, was to become the property of Wilbur. The daughter, Nettie, in addition to the $12 per week, was also to have an equal one-half part of the profits of the business after the deduction of the $25 a week for Wilbur and the $12 a week for Nettie, and that if said business should prove unprofitable to such an extent that it failed to produce the aforesaid weekly payments to Wilbur and Nettie, then the executor was authorized to close the said business and sell the same in such manner as he deemed best, and to invest the proceeds and use the income and a part of the principal, if necessary, for the support of the daughter, Nettie.

The theory of the accountant is that Wilbur received an absolute gift of the property, and cannot, therefore, be required to account for the same in this court, for the reason that any transaction in relation to such business is between him, as owner of the business, and not as administrator with the will annexed, and the daughter, Nettie. Therefore, accountant moved to strike out all exceptions relating to these matters.

I am unable, however, to agree with the accountant as to the construction which he places upon the terms of the will.

In the first place, the grant to the grandson, Wilbur, is "the use and the right to conduct and carry on" the business. This language does not, to my mind, indicate an intention on the part of the testatrix to make an absolute grant to the grandson, subject to the charges against the business later provided for in said will. In fact, the very nature of those

charges appear to be dispositive of the whole situation. It is perfectly apparent that the primary object in the mind of the testatrix was to provide an income for her daughter. This is shown in the provision of the will for the final disposition of the business, where, it will be recalled, the will provides that in case the business does not produce the $25 a week, which I consider to be salary for the services rendered by the grandson in carrying on the business, and the $12 a week for the daughter, the will directs that the business be sold, the proceeds invested, and the income therefrom, and part of the principal, if necessary, used for the support of the daughter.

It appears to me quite clear that the testatrix imposed a trust upon this property and that the administrator's duty was to carry out the terms of the trust. Of course, the proper course to have been pursued would have been to have had a trustee appointed to administer this trust, as, technically, it is no part of the duty of an administrator with the will annexed. However, having taken upon himself the burden of administering the trust, he will be required to account for his dealings with the business.

There is another point which might as well be disposed of now, although not raised upon the briefs. I feel I can dispose of it, because the law upon the subject is so entirely settled. It appears that the grandson ran the business unsuccessfully, and that at a certain time—just when it does not appear—sold the same to himself, individually, for a sum very much less than the inventoried value of the same. The rule is inflexible that a sale made by an executor, or any other person acting in a fiduciary capacity, to himself or for his benefit, directly or indirectly, will be set aside at the instance of the party prejudiced, even though the fiduciary shall have gained no advantage therefrom and acted in entirely good faith and a fair price for the property was obtained. This rule is one of public policy, which the law has established as an inflexible rule applicable to every emergency, so that he shall not place himself in a situation in which he will be tempted to take advantage of his *cestui que trust*. The fidu-

ciaries must, therefore, submit to this regulation, and, if they do any act in violation of it, no matter how pure their intentions may be, such act is voidable at the instance of the persons whom they represent. At such sales the fiduciary is forbidden to purchase, because his interest as such purchaser is opposed to the interest of his *cestui que trust,* and he, therefore, acts under a bias in his own favor. So jealous is the law on this point that a trustee may not put himself in a position in which to be honest must be a strain upon him. *Koch. Orph. Ct. Pr.* and cases cited on pages 450 and 451. While it is true that these cases involve the transfer of real property, the principles above enumerated must perforce be applied to personal property.

As a matter of fact, in the case under consideration, a sale by the administrator with the will annexed of the business to himself would be to his great advantage, because he would take it free from the burden of payment to testatrix's daughter, and would only be accountable for the proceeds of the sale. As was hereinbefore stated, the principles involved in the question under consideration seem to be so firmly settled to admit of no doubt. Inasmuch, however, as the proctor for the accountant has not briefed this point, if he desires to do so, I will give him an opportunity, especially as this question is being considered merely to guide counsel in the future proceedings which must be had in this case.

I will advise an order denying accountant's application to strike out the exceptions.